UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY J. MORGA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE AMERICAN PSYCHIATRIC<br>ASSOCIATION,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 14-5464 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

　　This matter comes before the Court on an application filed by Plaintiff Anthony J. Morga ("Plaintiff") to proceed without the prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status under 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

　　Because Plaintiff filed this action pro se, the Court construes his pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Yet under 28 U.S.C. § 1915, which governs in forma pauperis proceedings, the Court must examine the merits of a claim and dismiss it when appropriate. Specifically, the court must dismiss the action if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). The same standard governs motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002) (noting that the language of 28 U.S.C. § 1915(e)(2) is "borrowed from Rule 12(b)(6)" and "require[s] that district courts shall dismiss complaints that fail to state a claim."). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Plaintiff's Complaint expresses concern about the pharmaceutical drug Prozac and emphasizes its potentially harmful effects. The complaint does not, however, plead any information that would support a legal claim against the American Psychiatric Association ("APA") or any other entity identified. Plaintiff suggests that the APA and others are engaged in an unlawful conspiracy to profit from the distribution of Prozac, but he provides no facts which make that claim plausible, nor which create a reasonable inference that the APA is liable for misconduct. As such, the Complaint fails to state a claim on which relief may be granted and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will accordingly permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order will be filed.

  s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: September 10, 2014